## 20145

The STATE, Appellant, v. Galations HILL, Respondent

(221 S. E. (2d) 898)

50

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*William P. Greene, Jr., Esq.,* of Abbeville, *for Respondent.*

January 6, 1976.

NESS, Justice:

We are presented with the issue of whether a trial judge may, during the pendency of an action against the respondent for driving under the influence, issue an *ex parte* restraining order to the State Highway Department restraining it from suspending respondent's driving license until the disposition of another case involving a different defendant.

Respondent was arrested on October 13, 1974, while driving under the influence of intoxicants. He refused to submit to a breathalyzer test in accordance with the Implied Consent Law (S. C. Code § 46-344) after being properly advised. Thereafter, the Department suspended his driver's license. The respondent then requested an administrative hearing which was scheduled for December 17, 1974, however, he obtained a restraining order from the trial court prior to the hearing. Subsequently, the respondent plead guilty to the charge but the restraining order is still in force.

The Legislature declared the refusal to take the breathalyzer test would result in suspension of one's driver's license. Under the plain terms of this statute, suspension of driver's license is presupposed. The rule has been declared, and we think it sound. While the suspension of a person's driver's license may cause a hardship, unquestionably this possibility was given consideration by the law-making body when passed into law.

Obviously many of the duties of a trial judge involve the exercise of discretion. His discretion, however, is not unregulated or absolute. The exercise of discretion implies conscientious judgment, not arbitrary action, and takes account of the law and particular circumstances of the case, being directed by the reason and conscience of the judge to a just result.

The power to issue a restraining order rests in the sound discretion of the trial judge but this discretion should not be exercised except on the plainest grounds.

This Court has held that discretion ought not be exercised in a case like this where injustice may be done thereby to the State and where the refusal to exercise it deprives the defendants of no substantial rights.

The conclusion is inescapable that the trial court abused its discretion, and the restraining order improvidently issued.

We take this opportunity to again call to the attention of the Bench and the Bar that when an order involves the State an *ex parte order* is improper. *Ishmell v. South Carolina Highway Department,* 264 S. C. 340, 343, 215 S. E. (2d) 201 (1975). The restraining order is vacated.

Reversed.

LITTLEJOHN and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.

LEWIS, C. J., concurs in result.