0225

Emily Freeman SAMS, Julia Walker Freeman, Patricia Freeman Duchemin, and Emily Freeman Sams as Administratrix of the Estate of David R. Freeman, Appellants, v. Watson B. McCASKILL, David Hunter McCaskill, Richard Bennett McCaskill, Ritchie H. Belser, Sarah B. Eggleston, J. Edwin Belser and Karen R. Belser, Respondents.

(319 S. E. (2d) 344)

Court of Appeals

482

*Demal I. Mattson, Jr.,* of Mount Pleasant and *Franklin E. Robson* of *Robson & Barnwell,* Charleston, *for appellants.*

*Ellison D. Smith, IV* of *Long, Smith & Jordan,* Charleston, *for respondents Belser, et al.*

*Gaines W. Smith,* of *Legare, Hare & Smith,* Charleston, *for respondents McCaskill, et al.*

Heard April 25, 1984.

Decided Aug. 8, 1984.

GARDNER, Judge:

Emily Freeman Sams, *et al.,* (the remaindermen) remaindermen under the will of David R. Freeman, brought this action for recovery of land against Watson B. McCaskill, *et al.,* (the Belsers) as devisees and successors in title of J. Edwin Belser and Irvine F. Belser, who were the original grantees of the subject property of this action from the estate of David R. Freeman. The case was referred and the master recommended judgment for the Belsers; the learned and esteemed trial judge confirmed the master's report. We affirm.

David Freeman died testate August 31, 1953; he appointed as coexecutors of his will, his wife, Julia Walker Freeman; his brother, George K. Freeman; and his son, David Ramsey Freeman, Jr., and invested them with "full and complete power of sale over all of my assets, real, personal, and mixed and wheresoever situate, and this without the order of any court, for the purpose of paying the debts of my estate (personal property being first exhausted before recourse is had to any of my real property),...."

On December 20, 1954, the appraisers of the estate filed an appraisal showing $677.61 personal assets ($500 of which was furniture and furnishings) and 407 acres of real estate along with one-half interest in 14 acres of real estate. The 407 acres was valued in the appraisal at $50,000. The appraisal, the petition to prove the will, the order appointing the original executors and the certificate of payment of $171.62 state inheritance taxes comprised the probate estate roll when the subject property was sold.

On March 26, 1956, the executors, in consideration of $7,353 conveyed 193.5 acres, which was carved from the 407 acre tract, to J. Edwin Belser and Irvine L. Belser; this land is the

subject matter of this litigation. The deed contained a recital by the "undersigned executors," pertinent parts of which are:

> ... that the estate was and is heavily indebted, the personalty has been exhausted in the payment of debts, and it is necessary for the protection of the estate and the beneficiaries thereof to sell and convey the real property hereinafter described for the purpose of applying the proceeds of sale upon the mortgage indebtedness covering said lands and other lands of the estate given by the said testator to Carolina Savings Bank of South Carolina dated October 25, 1952,....

Endorsed on the deed to the Belsers is a release whereby Carolina Savings Bank of South Carolina for $7,138.39 released the tract conveyed from the lien of its mortgage.

The record discloses that, simultaneously with the execution and delivery of the deed, the executors executed and delivered to the Belsers an affidavit in which they aver, *inter alia:*

> "... that the personal property of said estate has been exhausted in the payment of obligations of said estate;... that the Carolina Savings Bank of South Carolina is pressing for payment on account of the mortgage to it given by said David R. Freeman, Sr., deceased,...."

On April 15, 1977, Emily Freeman Sams, a daughter of David R. Freeman, petitioned the Probate Court for Charleston County and alleged that David Freeman's brother and son, who were coexecutors of the will, had both died and that her mother, Julia Walker Freeman, a coexecutrix of the will, was old and residing in Texas and unable to function physically and mentally in her capacity as an executrix. The petition then prayed that Emily Freeman Sams be appointed administratrix d.b.n. c.t.a., of the estate of David Freeman; this prayer was granted by the Court.

The remaindermen then instituted a declaratory judgment action to determine the validity of the deed to the Belsers. Subsequently, Julia Walker Freeman died. The remaindermen then amended their complaint and stated a cause of action for the recovery of the subject land on the grounds that the personal property of the estate had not been exhausted before sale of the subject land to the Belsers. The answers set

up, *inter alia*, the defense of *bona fide* purchasers for value without notice.

Sams, *et al.*, on appeal raise the issues of whether (1) it was error to admit the affidavit over a hearsay objection, (2) the Belsers were *bona fide* purchasers for value without notice, (3) the holding of the trial judge "that a lapse of 21 years before commencement of this action is significant" is tantamount to a finding of laches and adverse possession and (4) the trial court erred in holding it must be established that the Belsers were grossly negligent or willful in determining whether the condition precedent had occurred.

1.

The master did not clearly rule that the affidavit was admitted to prove the truth of its contents. We quote from the record:

> THE COURT: Wasn't it prepared at the request of the purchasers by the attorney for the estate who has stated that he so prepared it and that it was executed by the Executors whose signatures have been identified by the daughter, sister and niece of the parties and witnessed by the parties who say he drafted it.
>
> MR. MATTSON: Well, that has been done—
>
> THE COURT: That doesn't necessarily prove the contents of it but it certainly proves that it was done and the reason for which it was done and the execution of it.
>
> MR. MATTSON: Okay.
>
> THE COURT: Whether or not it's correct may be open to question.
>
>       *   *   *   *   *   *
>
> THE COURT: At this point I'm going to admit it. That will be Defendant Belser's Exhibit One in Evidence.

We find no error in this ruling. The hearsay rule does not apply where the purpose of offering an extrajudicial statement is not to prove the truth of the statement but merely to prove the fact that it was made and the circumstances under which it was made were such as should reasonably have made it known to a litigant. *Koury v. Follo*, 272 N.C. 366, 158 S. E. (2d) 548 (1968). For other cases see West's South Eastern Digest, *Evidence*, Key No. 267; 31A C.J.S. *Evidence* § 239.

Mr. Hollings, the original attorney for the estate, testified without objection that the executors had the affidavit prepared, executed it, and at the closing, delivered it to the Belsers to assure them that the condition precedent had been complied with. Thus the "circumstances" element of the above evidence rule existed, and we so hold.

## 2.

The master found as a matter of fact, which was confirmed by the trial judge, that the Belsers were *bona fide* purchasers for value without notice. In an action tried first by a master or a special referee and concurred in by a trial judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against the clear preponderance of the evidence. *Buffkin v. Strickland*, 280 S. C. 343, 312 S. E. (2d) 579 (1984).

A party claiming to be an innocent purchaser for value without notice must establish three things: (1) that the purchase money was actually paid before notice of outstanding encumbrances or equities; (2) that he has purchased and acquired the legal title before notice of outstanding encumbrances or equities and (3) that he purchased *bona fide* without notice. *Burnett v. Holliday Bros. Inc.*, 279 S. C. 222, 305 S. E. (2d) 238 (1983).

The record discloses that the Belsers were lawyers and prepared the deed for execution by the executors. The recital of the deed and payment of the consideration therefor to a debtor of the estate is persuasive evidence that the Belsers believed the condition precedent had been complied with. Obviously, the Belsers were, with good cause, satisfied in their own minds that the condition precedent had been complied with; this is the crux of the whole case. The words "*bona fide*" mean in good faith; this is a state of mind. Under the two-judge rule, we hold there is adequate evidence to affirm the findings of fact and conclusions of law of the master and trial judge that the Belsers acted in good faith and without notice of the alleged noncompliance with the condition precedent.

We affirm the holding of the trial judge confirming the findings of fact and conclusions of law by the master that the Belsers were *bona fide* purchasers for value without notice.

Having affirmed the trial court as to the first two questions

posed, it is unnecessary to address the remaining questions presented.

For the reasons given, the judgment of the trial court is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.