23814

The STATE, Respondent v. Ernest Eugene BAKER, Appellant.

(427 S.E. (2d) 670)

Supreme Court

*Wayne Floyd,* West Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Alexandria Broughton Skinner,* Columbia, and *Donald V. Myers, Sol.,* Lexington, *for respondent.*

Heard Jan. 18, 1993; Decided Feb. 22, 1993.

Reh. Den. March 23, 1993.

HARWELL, Chief Justice:

Appellant Ernest Eugene Baker was convicted of driving under the influence (DUI), second offense. He contends, among other things, that the State should have been precluded from prosecuting his case because it failed to offer him a breath test when he was arrested. We disagree and affirm.

## I. FACTS

The evening of October 28, 1989, Baker was involved in a collision with another automobile on I-26 near St. Andrews Road in Columbia. Baker's car flipped over, pinning him inside, unconscious. He was extracted by emergency personnel and taken to Lexington Memorial Hospital for treatment.

The police officer who was dispatched to the scene recovered a plastic cup containing a small amount of liquid from inside Baker's vehicle. The liquid smelled like the residue from an alcoholic beverage. The police officer proceeded to the hospital, where he was able to interview Baker and ascertain that Baker had been drinking alcohol prior to the collision. The police officer placed Baker under arrest for driving under the influence of alcohol and requested hospital personnel to draw a blood sample from Baker. The blood sample was tested for the presence of alcohol by SLED. At no time did the police officer offer Baker a breath test.

At trial, Baker moved to suppress the results of the blood test on the grounds that the police officer had taken a blood sample when Baker physically was able to provide a breath sample, in contravention of the implied consent statute, S.C. Code Ann. § 56-5-2950(a) (1991). The trial judge granted his motion. A jury found Baker guilty of driving under the influence. Baker made a post-trial motion to dismiss his conviction on the grounds that the police officer's failure to offer Baker a breath test should have prevented the State from prosecuting the case. The trial judge denied Baker's motion.

## II. DISCUSSION

Baker claims that his conviction should have been dismissed because he did not have an opportunity to take a breath test to reply to the State's charge that he had been driving under the influence. We disagree.

S.C.Code Ann. § 56-5-2950(a) (1991) provides, in part:

> Any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood or urine for the purpose of determining the presence of alcohol or drugs if arrested for any offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs or a combination of them. Any test must be administered at the direction of a law enforcement officer who has apprehended a person for operating a motor vehicle in this State while under the influence. . . . At the direction of the arresting officer the person first must be offered a breath test to determine the alcohol concentration of his blood. If the person is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious, dead, or for any other reason considered acceptable by the licensed medical personnel, a blood sample may be taken.

Our primary function in interpreting a statute is to ascertain the intent of the Legislature. *Browning v. Hartvigsen,* — S.C. —, 414 S.E. (2d) 115 (1992). A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Id.* Reading section 56-5-2950(a) as a whole, we find that the Legislature intended for arresting officers to direct the administration of "any test" at their discretion, with the limitation that a person charged with driving under the influence of alcohol cannot be subjected to a blood test unless he has an injured mouth, is unconscious, dead, or, for any other reason considered acceptable by licensed medical personnel, is unable to take a breath test. There is no indication from the plain language of the statute that the Legislature intended to encumber arresting officers with an affirmative duty to offer breath tests to all persons arrested for driving under the influence who physically are capable of providing a breath sample.

In addition, section 56-5-2950(b) provides that "[t]he provisions of this section must not be construed as limiting the introduction of any other competent evidence. . . ." Clearly, the Legislature intended for evidence collected under the implied consent statute to augment, not replace, ex-

isting methods of establishing intoxication in criminal prosecutions of persons charged with driving under the influence. *Accord State v. Barry,* 183 Kan. 792, 332 P. (2d) 549 (1958); *see also State v. Squires,* — S.C. —, 426 S.E. (2d) 738 (1992) (Davis Adv. Sh. No. 1 at 5) (the public purpose underlying section 56-5-2950(a) is to facilitate the compilation of reliable evidence in drunk driving prosecutions). Forcing the State to withdraw from prosecuting DUI cases which are based, as here, on evidence different from that which could have been gleaned from breath tests would undermine the Legislature's goal of curbing the danger to society posed by drunk drivers.

The interpretation urged by Baker would transform the implied consent statute into a tool by which an accused could compel the State to gather what might be exculpatory evidence in his behalf. *See People v. Culp,* 189 Colo. 76, 537 P. (2d) 746 (1975). We hold that arresting officers are not required to offer breath tests to persons charged with driving under the influence of alcohol as a prerequisite to prosecution. This result uniformly has been reached by other courts addressing this issue. *See* Annot., 9.5 A.L.R. (3d) 710 (1979) (listing courts holding that, absent a specific provision in the implied consent statute, a police officer is not required to offer chemical sobriety tests). Accordingly, we affirm the trial judge's denial of Baker's motion to dismiss his conviction.

In his brief, Baker also contended that the trial judge erred in determining that Baker's conviction for driving under the influence fell within ten years of his second offense. However, he abandoned this assertion during oral argument before this Court based on our recent decision in *State v. Wickenhauser,* — S.C. —, 423 S.E.(2d) 344 (1992) (construing S.C. Code Ann. § 56-5-2940 (1931 and Supp. 1992)). Baker's remaining allegation that he was prohibited from requesting an independent blood test is not properly before this Court. Issues not raised below cannot be raised for the first time on appeal. *Murphy v. Hagan,* 275 S.C. 334, 271 S.E. (2d) 311 (1980).

Baker's conviction for driving under the influence, second offense, is

Affirmed.

CHANDLER, TOAL and MOORE, JJ., and L. HENRY McKELLER, Acting Associate Justice, concur.