2032

The STATE, Respondent v. Michael John STACY, Appellant.

(431 S.E. (2d) 640)

Court of Appeals

*Richard H. Warder*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Alexandria Broughton Skinner*, Columbia, and *Sol. Joseph J. Watson*, Greenville, *for respondent.*

Heard May 17, 1993.

Decided June 7, 1993.

LITTLEJOHN, Acting Judge:

Michael John Stacy was convicted of several charges related to felony driving under the influence (DUI). He appeals, asserting error in the admission of evidence of his blood alcohol level. We affirm.

In June 1991, Stacy led police officers on a high- speed automobile chase in Greenville County. The chase ended in a violent car wreck in which one person was killed and several others were injured. A jury convicted Stacy of two felony DUI counts and failure to stop for a police vehicle. The sole issue Stacy raises on appeal is whether the trial judge erred in admitting into evidence blood test results because the State had not complied with S.C. Code Ann. § 56-5-2950(A) (1991) (the implied consent statute) before ordering the blood sample. Section 56-5-2950(a) provides in pertinent part:

> * * * At the direction of the arresting officer the person first must be offered a breath test to determine the alco-

hol concentration of his blood. If the person is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious, dead, or for any other reason considered acceptable by *the* licensed medical personnel, a blood sample may be taken.

(Emphasis ours.) The statute provides further:

The arresting officer may not administer the tests. Blood and urine samples must be taken by physicians licensed by the State Board of Medical Examiners, registered nurses licensed by the State Board of Nursing, and *other medical personnel trained to take the samples in a licensed medical facility.*

(Emphasis ours.)

We are required to read the statute as a whole to determine the intent of the legislature. *State v. Baker,* — S.C. —, 427 S.E. (2d) 670 (1993) (Davis Adv. Sh. No. 5 at 35). Viewed in this manner, we hold that the statute requires a licensed physician, licensed registered nurse, or other medical personnel trained to take blood samples in a licensed medical facility, who is directed by an officer to take a blood sample, to determine whether an acceptable reason exists for finding that a person is unable to provide an acceptable breath sample.

In this case, Staci York, who drew the blood sample, testified that she was a medical person trained to take blood samples. She was working at the Greenville Memorial Hospital emergency room, and Stacy has not complained that it is not a licensed medical facility. York also testified that it was not possible for the officers to take Stacy to the Law Enforcement Center for a breath test because Stacy had not been treated for his injuries by an emergency room physician. It is clear that York felt this was an acceptable reason for determining that Stacy could not give an acceptable breath sample. The statute thus permitted York to take the blood sample without the arresting officer first offering Stacy a breath test.

Accordingly, Stacy's conviction and sentence are

Affirmed.

GARDNER and BELL, JJ., concur.