2338

CITY OF COLUMBIA, Appellant v. James C. MOORE, Respondent.

(457 S.E. (2d) 346)

Court of Appeals

*Dana D. Turner*, of the *Office of City Atty.*, Columbia, *for appellant.*

*Desa A. Ballard* and *L. Joel Chastain*, Barnwell, *for respondent.*

Heard Mar, 7, 1995.

Decided Apr. 17, 1995.

HOWARD, Judge:

The City of Columbia appeals the circuit court reversal of James C. Moore's municipal court conviction for driving under the influence. The circuit court overturned the jury verdict in the municipal court on the grounds that Moore's blood sample analysis was improperly admitted into evidence, and remanded the case for a new trial. The City appeals. We affirm.

Moore was involved in an accident in February of 1992. Officer Wadford was dispatched to the scene and placed Moore under arrest for DUI. At this time, Moore complained of chest pains and requested an ambulance. Moore was placed in full spinal precautions and taken to the hospital for X-rays. At trial, Wadford testified someone at the hospital told him Moore cold possibly be in the hospital all night for observation. Wadford then ordered a blood sample taken from Moore in lieu of datamaster breath analysis. Wadford testified he properly filled out a "Chem 001" form which govern's the procedure for taking a blood sample, and at the time Moore consented to the blood sample. Moore's blood sample test reflected a .157% blood alcohol level, which was introduced against him at trial in the municipal court.

The sole issue on appeal is whether the blood sample results were properly admitted into evidence in the municipal court. In its appellate capacity, the circuit court held the blood sample was improperly admitted because the City failed to present any evidence that it complied with the procedure set forth in S.C. Code Ann. Section 56-5-2950 (1991) (the implied consent statute). Moore's conviction was reversed, and the case was remanded to the municipal court for a new trial.

Section 56-5-2950(a) reads in pertinent part: "At the direction of the arresting officer the person first must be offered a breath test to determine the alcohol concentration of his blood. If the person is physically unable to provide an acceptable breath sample because he has an injured mount, is unconscious, dead *or for any reason considered acceptable by licensed medical personnel,* a blood sample may be taken. (Emphasis added.) Moore received no injury to his mouth and was not unconscious. Nonetheless, Wadford concluded Moore was unable to provide an acceptable breath sample and ordered a blood sample. The circuit court held, however, that the City failed to present any evidence at trial that Wadford's conclusion was based upon a reason found acceptable by licensed medical personnel as required by the statute. We agree.

In *State v. Stacy,* 315 S.C. 105, 431 S.E. (2d) 640, 641 (Ct. App. 1993), our court interpreted § 56-5-2950 to require licensed medical personnel "to determine whether an acceptable reason exists for finding that a person is unable to pro-

vide an acceptable breath sample." In *Stacy*, the licensed medical person testified at trial that the defendant was unable to give a breath sample because he had not yet been treated for his injuries in the emergency room. The court held this testimony showed that the licensed medical person clearly felt this was an acceptable reason the defendant could not give a breath sample.

In the case at bar, it is undisputed Moore did not have an injury to the mouth and was conscious at all times. Therefore, the City was required under § 56-5-2950 to present evidence Moore was physically unable to give an acceptable breath sample for a reason found acceptable by licensed personnel. Because the City did not do so, the municipal court erred in admitting the blood sample into evidence.

The City argues Wadford's belief that Moore would not be released for long period of time, coupled with the reasonable inferences which can be derived from the circumstances under which he was transported to the hospital is a sufficient basis to conclude Moore was physically incapable of giving a breath sample. However reasonable these conclusions may be under the circumstance, there are legally insufficient. As we stated in *State v. Stacy:*

> We are required to read the statute as a whole to determine the intent of the legislature. Viewed in this manner, we hold that the statute requires a licensed physician, licensed registered nurse, or other medical personnel trained to take blood samples in a licensed medical facility, who is directed by an officer to take a blood sample, to determine whether an acceptable reason exists for finding that a person is unable to provide an acceptable breath sample.

431 S.E. (2d) at 641 (citing *State v. Baker*, 310 S.C. 510, 427 S.E. (2d) 670(1993)).

To allow the arresting officer to make the determination that a person is physically unable to give an acceptable breath sample, absent an injured mouth, unconsciousness, or death, is a relaxation of the plain requirement of the statute, and would allow the substitution of the officer's judgment for that of licensed medical personnel.

The City's argument that Moore consented is equally without merit. Section 56-5-2950(a) reads in applicable part as follows:

Any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs in arresting for any offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them. . . . No tests may be administered or samples taken unless the person has been informed that he does not have to take the test or give the samples but that his privilege to drive must be suspended or denied for ninety days if he refuses to submit to the tests.

Under the statute, Moore's consent was impliedly given at the time he operated his vehicle on the public highways of South Carolina. *See State v. Hill,* 266 S.C. 49, 221 S.E. (2d) 398 (1976). But this consent is only to chemical tests under the procedure plainly set forth in the statute. The penalty for refusal to submit to testing is the administrative loss of license for ninety (90) days. *Id.* § 56-5-2950(d). In view of this statute, it would be pure legal fiction to infer Moore's "consent" at the hospital was a voluntary relinquishment of his right to require compliance with the statute as written.

We do not by this holding suggest that inability to leave a medical facility, whether due to ongoing treatment, observation, or prolonged waiting for treatment is not a legally sufficient basis to conclude a person is "physically unable" to provide an acceptable breath sample. We merely conclude the evidence must establish that the reason a blood test was ordered in lieu of a breath sample by the officer is a reason found acceptable by licensed medical personnel.

Accordingly, we affirm the order of the circuit court reversing Moore's conviction and remanding for a new trial.

Affirmed.

SHAW and GOOLSBY, JJ., concur.