481 S.E.2d 456

**STATE of South Carolina, Appellant,**

v.

**Elaine B. KIMBRELL, Respondent.**

No. 2633.

Court of Appeals of South Carolina.

Heard Nov. 6, 1996.

Decided Feb. 10, 1997.

W. Baxter Harwell and Frank L. Valenta, Jr., both of South Carolina Department of Public Safety, Columbia, for appellant.

Thomas H. White, IV, of Whitney, White, Diamaduros & Diamaduros, Union, for respondent.

346

HOWELL, Chief Judge.

Respondent Elaine Kimbrell was found guilty in magistrate's court of driving under the influence (DUI). The circuit court, concluding that the results of Kimbrell's blood alcohol test should have been suppressed, reversed her conviction and remanded for a new trial. The State appeals. We affirm.

## I.

Kimbrell was the driver of an automobile involved in a one-car accident on February 5, 1995. Trooper M.S. Weaver responded to the accident. Kimbrell was injured in the accident and transported to the hospital for treatment. As Kimbrell was leaving the hospital after being discharged, Trooper Weaver asked her to submit to a blood alcohol test. Trooper Weaver admitted that he failed to offer Kimbrell a breath test, even though she was conscious and had not been treated for any injuries to her mouth. Kimbrell's husband, a former highway patrolman who was present with Kimbrell at the hospital, testified that she had no injury to her mouth that would have prevented her from giving an acceptable breath sample. However, Trooper Weaver testified that Kimbrell "had a little blood in her teeth." Kimbrell consented to the blood test, which indicated she had a blood alcohol level of 0.173.

At the magistrate's hearing, Kimbrell moved to have the results of the blood alcohol test suppressed, contending that she did not have an injured mouth and that the State failed to present evidence that she could not give an acceptable breath sample for reasons acceptable to licensed medical personnel.[1] The magistrate denied her motion, and Kimbrell was found guilty of DUI. The circuit court reversed the conviction, ruling that the blood test results should be suppressed because the statute required medical personnel, not the arresting officer, to determine if Kimbrell could give an acceptable breath sample.

---

1.  Kimbrell also moved to have the results suppressed for other reasons, but those are not part of this appeal.

## II.

■ The implied consent statute, S.C.Code Ann. § 56–5–2950 (1991 & Supp.1996), provides, in pertinent part, that

> At the direction of the arresting officer the person [arrested for DUI] first must be offered a breath test to determine the alcohol concentration of his blood. If the person is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious, dead, or for another reason considered acceptable by the licensed medical personnel, a blood sample may be taken.

S.C.Code Ann. § 56–5–2950(a) (Supp.1996). On appeal, the State argues that it was error for the circuit court to reverse Kimbrell's conviction. The State contends that the implied consent statute allows an arresting officer to request a blood sample when the person has an injured mouth, is unconscious, or dead, without the input of medical personnel. According to the State, evidence by medical personnel that the person is unable to give an acceptable breath sample is only needed if the person is unable to give an acceptable breath sample "for any other reason."

In *City of Columbia v. Moore*, 318 S.C. 292, 457 S.E.2d 346 (Ct.App.1995), this Court affirmed the circuit court's reversal of a DUI conviction when the city failed to present any evidence at trial that the arresting officer's conclusion that the defendant, who did not have an injury to his mouth and was conscious, was unable to give an acceptable breath sample was based upon a reason found acceptable by licensed medical personnel. 318 S.C. at 296, 457 S.E.2d at 348. We concluded that when there is no injury to the mouth and the person is conscious, to allow the arresting officer to make the determination that the extent of the injury is such that the person is physically unable to give an acceptable breath sample would ignore the plain requirement of the statute, and would allow the substitution of the officer's judgment for that of licensed medical personnel. *Id.* at 295, 457 S.E.2d at 348. Here, Trooper Weaver's testimony that he noticed blood in Kimbrell's teeth was evidence that Kimbrell may have had an injured mouth; however, it was not evidence that she was physically unable to give an acceptable breath sample.

While Trooper Weaver may have noticed a slight amount of blood on Kimbrell's teeth, he made no determination as to her ability to provide a valid breath sample, nor did he offer the breath test, or discuss either test with her. He never asked her about the condition of her mouth, nor did he attempt to look into her mouth or at the inside of her lips. There is no evidence she received any medical attention to her mouth. It was only after her treatment for her other injuries, as she was leaving the hospital, that Weaver decided to request the blood sample. There is no evidence of any mouth injury at the time of Kimbrell's release. Under these circumstances, we conclude there is no evidence in the record to support Weaver's decision not to offer a breath test.

■■■■ As we held in *Moore*, the determination that the accused is physically unable to provide an acceptable breath sample due to any reason other than unconsciousness, death, or injury to the mouth requires the determination of licensed medical personnel. Even where there is an indication of an injury to the mouth, however, the statute still requires a determination that the accused is physically unable to provide an acceptable breath sample.

We are required to read the statute as a whole to determine the intent of the legislature. *State v. Baker*, 310 S.C. 510, 427 S.E.2d 670 (1993). Unlike a breath test, the blood test is physically invasive. By enacting the implied consent statute, the legislature clearly intended to protect against this invasion where it is used simply as a convenience to the arresting officer, absent the agreement of the accused. There can be no valid agreement where the accused is not advised of his or her right to a breath test instead of a blood test. *See Moore*, 318 S.C. at 296, 457 S.E.2d at 348 ("[I]t would be pure legal fiction to infer [an accused's] 'consent' at the hospital was a voluntary relinquishment of his right to require compliance with the statute as written.").

■■■■ We conclude the plain meaning of the statute requires the arresting officer to offer a breath test, absent a valid determination that the defendant is physically unable to give an acceptable breath sample. Where the evidence shows a person is dead, unconscious, or physically unable to provide an acceptable breath sample as determined by authorized

medical personnel, no breath test need first be offered, and the blood test results are admissible. Where the evidence establishes that an accused is offered a breath test, but agrees to the officer's request for a blood test in lieu thereof, the result is likewise admissible. Where the evidence establishes the accused has an obvious injury to the mouth that the arresting officer reasonably believes will interfere with providing an acceptable breath sample, the officer may order a blood test to be taken. Whether or not the officer's belief is reasonable will, of course, depend upon the circumstances of each case.

Because there is no evidence to support the conclusion that Trooper Weaver reasonably believed Kimbrell was physically unable to provide an acceptable breath sample, and a breath test was not offered to her, the circuit court properly concluded that results of the blood test should have been suppressed. Accordingly, the decision of the circuit court is hereby affirmed, and the case is remanded for a new trial.

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.