LOCKEMY, C.J.:
Bradley Sanders appeals the suspension of his driver's license by the Department of Motor Vehicles (DMV). The Office of Motor Vehicles Hearings (OMVH) sustained the suspension and the Administrative Law Court (ALC) affirmed. On appeal, Sanders argues the ALC erred in affirming (1) the admission of hearsay evidence to establish his inability to submit to a breath test, and (2) the finding that Officer Scott Desrochers presented a prima facie case that the individual who determined Sanders was unable to submit to a breath test was a licensed medical professional pursuant to section 56-5-2950(A) of the South Carolina Code (2018). We affirm.
FACTS/PROCEDURAL BACKGROUND
On November 21, 2012, at approximately 4:00 a.m., Officer Desrochers of the Columbia Police Department was dispatched to the scene of a single-car accident on Whaley Street in the City of Columbia. Officer Desrochers found Sanders standing nearby, bleeding from the head and smelling strongly of alcohol. Officer Desrochers verified the personal belongings in the vehicle belonged to Sanders. Sanders denied being in an accident and could not explain how he injured his head. Officer Desrochers claimed Sanders' speech was slurred and Sanders seemed both mentally and physically "off-balance." Sanders was transported by ambulance to Lexington Medical Center.
At a hearing before the OMVH, Officer Desrochers testified that at the hospital he was told by Nurse Albright that Sanders would not be able to provide a breath sample. Sanders objected based on hearsay. The OMVH hearing officer found the testimony was not offered to prove Sanders was unable to provide a breath sample. The DMV offered a South Carolina Law Enforcement Division (SLED) urine/blood collection report signed by Nurse Albright, stating Sanders was unable to leave the hospital for medical reasons in order to take a breath test.[1] Sanders again objected based on hearsay, arguing the report should not be submitted because (1) there was no proof that Nurse Albright was a nurse and (2) he was unable to cross-examine Nurse Albright regarding her credentials and the medical reason he was unable to provide a breath sample. The hearing officer concluded the report was admissible "not for the fact that [Albright] was a licensed nurse ..., but that [Officer Desrochers] relied upon what she said." Officer Desrochers stated that after Nurse Albright informed him that Sanders would not be able to provide a breath sample, he read Sanders his Miranda warnings and his notice of implied consent. Officer Desrochers claimed he also provided Sanders a written copy of the implied consent notice, which stated his license would be suspended if he did not provide a blood sample. Officer Desrochers testified Sanders refused to provide a blood sample; accordingly, Sanders was arrested, his license was suspended, and he was transported to jail. Officer Desrochers believed *457 Nurse Albright was a nurse because her name tag stated she was a nurse; however, on cross-examination, he admitted he did not know for sure.
On February 13, 2015, the hearing officer issued an order affirming the suspension of Sanders' driver's license. The hearing officer concluded Officer Desrochers' testimony was not hearsay because it was not admitted to prove that Sanders was actually unable to leave the hospital, only that the blood sample was warranted because licensed medical personnel determined Sanders was unable to provide a breath sample. Further, the hearing officer found the DMV presented a prima facie case that Albright was a licensed medical professional because she was in the hospital treating patients, represented herself as a nurse, and wore a name tag that indicated she was a registered nurse. Sanders appealed to the ALC, and by amended order filed January 27, 2016, the ALC affirmed the hearing officer's order, sustaining the suspension of Sanders' driver's license. This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures Act (APA)[2] governs appellate review of ALC decisions. S.C. Code Ann. § 1-23-610(A) (Supp. 2018). The APA provides:
The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
(a) in violation of constitutional or statutory provisions;
(b) in excess of the statutory authority of the agency;
(c) made upon unlawful procedure;
(d) affected by other error of law;
(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
S.C. Code Ann. § 1-23-610(B) (Supp. 2018). Accordingly, the ALC's decision "should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law." Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles , 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008). "Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC] and is more than a mere scintilla of evidence." Id. at 605, 670 S.E.2d at 676.
LAW/ANALYSIS
Under South Carolina law, a motorist arrested for driving under the influence implicitly consents to a chemical test of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs. S.C. Code Ann. § 56-5-2950(A) (2018).
At the direction of the arresting officer, the [motorist] first must be offered a breath test to determine the person's alcohol concentration. If the [motorist] is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious or dead, or for any other reason considered acceptable by the licensed medical personnel, the arresting officer may request a blood sample to be taken.
Id. If a motorist refuses to submit to a test conducted pursuant to section 56-5-2950(A), the motorist's license must be immediately suspended. S.C. Code Ann. § 56-5-2951(A) (2018).
Here, Officer Desrochers did not offer Sanders a breath test. Consequently, unless one of the exceptions provided in section 56-5-2950(A) applies, Office Desrochers cannot request a blood sample from Sanders. We examine the exceptions below.
Section 56-5-2950(A) provides a blood sample may be requested by an officer if "the [motorist] is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious or dead. ..." Thankfully, Sanders was not dead and there is no evidence he had an injured mouth or was unconscious.
*458 The next clause in the statute provides the focus of this case. It states an officer may request a blood sample "for any other reason considered acceptable by ... licensed medical personnel." S.C. Code Ann. § 56-5-2950(A) (2018). Officer Desrochers requested a blood sample after Nurse Albright informed him Sanders was physically unable to provide a breath sample.
In City of Columbia v. Moore , 318 S.C. 292, 295, 457 S.E.2d 346, 347 (Ct. App. 1995), this court held an officer who was informed by "someone" at the hospital that a motorist suspected of driving under the influence could be in the hospital all night, was not authorized to request a blood sample in lieu of a breath sample. The court reasoned the officer's decision to order a blood sample was not based upon a reason found acceptable by licensed medical personnel as required by the statute. Id. at 294, 457 S.E.2d at 347. Over a decade later, this court examined this issue again in Peake v. S.C. Dep't of Motor Vehicles , 375 S.C. 589, 654 S.E.2d 284 (Ct. App. 2007). Writing for the court, Judge Ralph King Anderson provided, in his illustrious and scholarly style, a comprehensive history of this court's opinions on section 56-5-2950(A). Judge Anderson noted times where this court "explicated," "inculcated," and "elucidated" its thoughts on the requirements of the statute. Id. at 601, 654 S.E.2d at 290-91. The Peake court determined the suspension of a motorist's license was improper because it was based "only on the unsubstantiated reason considered acceptable" by the arresting officer. Id. at 603, 654 S.E.2d at 292. Thus, it is established law that the opinion that a motorist is incapable of giving a breath sample, which opens the door to a blood sample request, cannot come from some mysterious "someone" in a medical facility or from the arresting officer but must be rendered by licensed medical personnel.
This leads to the first key challenge posed by Sanders: Did Officer Desrochers receive information from licensed medical personnel that Sanders was physically unable to provide a breath sample? Sanders argues the ALC erred in finding Officer Desrochers presented a prima facie case that Nurse Albright was licensed medical personnel. Utilizing our standard of review, we find the ALC did not err. Nurse Albright signed a medical collection report indicating she was a registered nurse and wore a nametag that identified her as a nurse. Officer Desrochers also observed Nurse Albright performing medical tasks and treating patients. These activities can only be done by an individual licensed in the medical field. Substantial evidence was presented to support the determination that Nurse Albright was, indeed, licensed medical personnel.
Sanders next argues the ALC erred by admitting hearsay evidence to establish his inability to submit to a breath test. Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. Sanders argues Nurse Albright's statements made to Officer Desrochers regarding his inability to submit to a breath test were hearsay and required her presence in court. We disagree. Nurse Albright's statements and the blood collection report did not constitute hearsay because they were not offered to prove the truth of the matter asserted, i.e., that Sanders was unable to submit to a breath test.
The dissent is a well-reasoned opinion but places a "troublemaking associate" role on the main player in this story. Hearsay is not involved in our story. The lead role and key words belong to "the truth of the matter asserted." As the arresting officer, Officer Desrochers had the authority to request a blood sample from Sanders as long as one of the exceptions provided in section 56-5-2950(A) applied. Officer Desrochers testified he requested a blood sample in lieu of a breath sample in this case because Nurse Albright, a licensed medical professional, had determined Sanders could not provide a breath sample. Officer Desrochers' testimony regarding Nurse Albright's finding and the blood collection report she signed were not offered to prove Sanders was in fact physically unable to provide a breath sample, rather they were introduced to show Officer Desrochers received this information from a licensed medical professional and subsequently *459 made the decision to request a blood sample.
Sanders, as well as the dissent, would require Nurse Albright to appear at the hearing and testify as to her reasons for finding Sanders was not a candidate for a breath test. If this were the standard, Sanders would likely present well-known experts in many medical fields at the hearing in an effort to refute the opinion of Nurse Albright as hastily rendered and unfounded.
To require Nurse Albright to appear and defend her reasoning as to why a motorist could not provide a breath sample exceeds the requirements of section 56-5-2950(A). The statute by its very wording anticipates an officer receiving the opinion of a medical professional. The statute does not require the arresting officer to question the medical professional's opinion or to get a second opinion. Rather, the statute provides an officer is entitled to request a blood sample if medical personnel find that for any reason the motorist cannot take a breath test. Thus, whether there was truth in the matter Nurse Albright asserted is not relevant in this administrative procedure. Officer Desrochers' testimony that he received information from licensed medical personnel was not to prove Nurse Albright was correct in her assessment that Sanders could not take a breath test. Rather, Officer Desrochers only sought to establish, pursuant to the statute, that he received medical information regarding Sanders' inability to give a breath sample. Nurse Albright's statement, whether true or not, is not hearsay and is admissible to consider whether Officer Desrochers complied with the statute before requesting a blood sample from Sanders.
Accordingly, we find the ALC did not err in upholding the suspension of Sanders' driver's license. Therefore, the decision of the ALC is
AFFIRMED.[3]
HUFF, J. concurs.

The report did not specify the medical reason why Sanders was unable to leave in order to provide a breath sample.

S.C. Code Ann. §§ 1-23-310 through -400 (2005 & Supp. 2018).

We decide this case without oral argument pursuant to Rule 215, SCACR.