HILL, J., dissenting.
HILL, J.:
Recognizing the simple word "hearsay" and its troublemaking associate "truth of the matter asserted" can spark reasonable disagreements among reasonable people, I respectfully depart from the view of my friends in the majority.
The majority finds the officer's testimony about what Nurse Albright told him and what she stated on a report were not hearsay because they were "not offered to prove the truth of the matter asserted, i.e. that Sanders was unable to submit to a breath test." The majority explains further that Albright's out-of-court statements "were not offered to prove Sanders was in fact physically unable to provide a breath sample," but merely to show the officer "received this information from a licensed medical professional and subsequently made the decision to request a blood sample."
The DMV bears the burden of proving Sanders was physically incapable of providing an acceptable breath sample. S.C. Code Ann. § 56-5-2951(F) (2018) (noting DMV and the arresting officer bear burden of proof in contested case hearings). It may meet its burden of proving physical inability by showing the driver (1) had an injured mouth, (2) was unconscious or dead, or (3) had been deemed physically unable to provide an acceptable breath sample "for any other reason considered acceptable by the licensed medical personnel." § 56-5-2950(A). These are the only three statutory exceptions that allow the arresting officer to order a blood test without first offering a breath test, and we have interpreted them mindful of the physically invasive nature of a blood test. State v. Kimbrell , 326 S.C. 344, 348, 481 S.E.2d 456, 459 (Ct. App. 1997) ("By enacting the implied consent statute, the legislature clearly intended to protect against this invasion where it is used simply as a convenience to the arresting officer ....").
To prove any of these three exceptions, the DMV must offer competent evidence. No one would suggest, for instance, that an officer could testify as to another person's observation that a driver was unconscious or had an *460 injured mouth. Such testimony would be rank hearsay. But the result of the majority's approach is to allow an out-of-court statement to prove the third exception. Contrary to the majority's interpretation, Nurse Albright's statement is being offered to prove the truth of the matter asserted, which is that Sanders was physically unable to give a breath sample due to a reason considered acceptable to Albright. See 2 McCormick on Evid. § 246 (Broun ed., 7th ed. 2016) (The word "assert," as used in defining hearsay, "simply means to say that something is so , e.g., that an event happened or that a condition existed." (emphasis in original) ). I agree with the majority that Albright's reason does not have to be correct or true, but what does have to be true is that she, a licensed medical professional, deemed Sanders physically unable to provide a breath sample for a reason she found acceptable. The DMV, however, would rewrite the statute to allow the arresting officer to request a blood sample "if the arresting officer is told by the licensed medical personnel that the person is physically unable to provide an acceptable breath sample." I cannot agree that the DMV can satisfy its burden of proving the third form of physical inability through an out-of-court statement immune from cross-examination.
Our previous constructions of § 56-5-2950 have uniformly required a valid determination of physical inability to give a breath sample. See State v. Stacy , 315 S.C. 105, 106-07, 431 S.E.2d 640, 640-41 (Ct. App. 1993) (affirming the trial court's admission of a driver's blood test when the State presented live testimony from trained medical personnel that Stacy was unable to give a breath sample due to his injuries, and holding "that the statute requires a licensed physician, licensed registered nurse, or other medical personnel trained to take blood samples in a licensed medical facility, who is directed by an officer to take a blood sample, to determine whether an acceptable reason exists for finding that a person is unable to provide an acceptable breath sample"); City of Columbia v. Moore , 318 S.C. 292, 293-95, 457 S.E.2d 346, 347-48 (Ct. App. 1995) (holding an arresting officer's testimony that "someone at the hospital told him Moore could possibly be at the hospital all night for observation" insufficient to meet the requirements of § 56-5-2950 because the testimony was not by a medical professional: "To allow the arresting officer to make the determination that a person is physically unable to give an acceptable breath sample, absent an injured mouth, unconsciousness, or death, is a relaxation of the plain requirement of the statute, and would allow the substitution of the officer's judgement for that of licensed medical personnel"); Kimbrell , 326 S.C. at 346-47, 348-49, 481 S.E.2d at 457-59 (holding arresting officer's testimony that Kimbrell had "a little blood in her teeth" insufficient to support a finding that she was physically unable to give a breath sample under § 56-5-2950 : "We conclude the plain meaning of the statute requires the arresting officer to offer a breath test, absent a valid determination that the defendant is physically unable to give an acceptable breath sample"); Peake v. S.C. Dep't of Motor Vehicles , 375 S.C. 589, 599, 654 S.E.2d 284, 290 (Ct. App. 2007) (in case where driver did not have injured mouth and was conscious, DMV was "required under the implied consent statute to show [driver] was physically unable to give an acceptable breath sample for a reason found acceptable by licensed medical personnel"). None of these precedents hold or even suggest that the "valid determination" of a driver's physical inability to provide a breath sample can be proven by hearsay.[4]
The majority's conclusion presents a paradox: it entails a finding that the truth of Nurse Albright's statements is irrelevant, while also implicitly finding that the trier of fact can use the statements to conclude the DMV has met its burden of proving Sanders was physically unable to provide an acceptable breath sample.
*461 Looked at another way, if the majority's reading is right, the Hearing Officer is free to admit the Nurse's out-of-court statements as nonhearsay because they are not being offered for their truth, and in the next breath decree the statements credible and weighty enough to tip the scales in DMV's favor on the pivotal factual determination in the case.
A statement cannot be used as the truth but not offered for its truth. Such a use falsifies the hypothesis upon which the evidence was admitted. If that were to stand, then the frontier of legal fiction has warped beyond the boundaries of the rules of evidence. See 2 McCormick on Evid. § 246 n. 6 (Broun ed., 7th ed. 2016) ("An argument that a statement is not offered for its truth is not tenable, however, if it is relevant only if true."); see also United States v. Detrich , 865 F.2d 17, 20 (2d Cir. 1988) ("Whether ... a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it.").
To be sure, there are times when out-of-court statements may be admitted for something other than their truth. See, e.g ., Player v. Thompson , 259 S.C. 600, 610, 193 S.E.2d 531, 535 (1972) (notice). Just as surely, there are times when the familiar refrain of "it's not being offered for the truth" is the courtroom equivalent of "it's not about the money."
Both the majority and DMV focus on the effect the nurse's statements had on the officer, to prove his later actions were justified and reasonable. An out-of-court statement is of course admissible if the purpose of offering it "is not to prove the truth of the statement but merely to prove the fact that it was made ...." Sams v. McCaskill, 282 S.C. 481, 485, 319 S.E.2d 344, 347 (Ct. App. 1984). This focus is misplaced here, however, because neither the officer's state of mind nor his reasonableness can prove Sanders was physically unable to give a breath sample. Moore , 318 S.C. at 295, 457 S.E.2d at 347 (Ct. App. 1995) (reasonableness of officer's inference that driver would be unable to leave hospital to give breath sample not sufficient proof of physical inability to give sample: "However reasonable these conclusions may be under the circumstances, they are legally insufficient.").
One way to check the real purpose for which evidence is offered is to ask what other evidence proves the fact the tendered evidence is purportedly not being offered to prove (by lawyerly custom, this fact is often coincidentally the most crucial fact the party has to prove to win its case). Here, we can ask what evidence other than Nurse Albright's statements proved Sanders' physical inability. The record tells us the answer: none.
Which is why I must respectfully disagree with the majority. In my opinion, Nurse Albright's out-of-court statements were hearsay, offered for the truth of the matter asserted: that Sanders was physically unable to give a breath sample. I would reverse Sanders' suspension for the harmful error of law that occurred when Nurse Albright's statements were admitted and relied upon for their truth to resolve the dispositive issue at the hearing.

Nor do they, as the majority seems to state, prohibit the arresting officer from testifying a motorist is physically unable to give a breath sample due to being unconscious, dead, or having an injured mouth. As I read the statute and the cases interpreting it, it is only the third exception to § 56-5-2950(a) that requires the opinion of licensed medical personnel. Nevertheless, the majority's acknowledgment that the statute requires an opinion proves my point that Nurse Albright's testimony was offered for its truth.