**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Anne Crook, Respondent,

v.

South Carolina Election Commission, Appellant,

Henry Dargan McMaster, in his official capacity as Governor of the State of South Carolina, Intervenor-Appellant.

Appellate Case No. 2025-001777

───────────────

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court Judge

───────────────

Memorandum Opinion No. 2025-MO-041
Submitted September 4, 2025 – Filed September 11, 2025

───────────────

**REVERSED**

───────────────

Mary Elizabeth Crum and Michael Reid Burchstead, of Burr & Forman LLP, of Columbia; and Thomas Wells Nicholson, of Columbia, for Appellant.

C. Bradley Hutto and Skyler Bradley Hutto, of Williams & Williams, of Orangeburg, for Respondent.

Chief Legal Counsel Thomas A. Limehouse, Chief
Deputy Legal Counsel & Senior Litigation Counsel
William Grayson Lambert, Deputy Legal Counsel Erica
Wells Shedd, and Deputy Legal Counsel Tyra S.
McBride, of the Office of the Governor, for Intervenor.

---

**PER CURIAM:** Appellant (the Election Commission) appeals an ex parte temporary restraining order (TRO) and preliminary injunction issued by the circuit court on September 2, 2025. Henry Dargan McMaster, in his capacity as Governor of South Carolina, moves to intervene and petitions for a writ of supersedeas to stay the order. The Governor also moves to quash a subpoena issued for him to appear and testify at a hearing that was scheduled for Wednesday, September 10, 2025, in the circuit court.[1] Alternatively, the Governor asks the Court to issue a writ of mandamus ordering the circuit court to quash the subpoena. Respondent has filed a return opposing the request for a writ of supersedeas. The Election Commission has filed a return consenting to the Governor's intervention and agreeing that the order should be superseded on state law grounds. Following these submissions, and as the Court was preparing to file a decision in this matter, one of the parties notified the Clerk of this Court that the matter was resolved. Upon inquiry from the Clerk, it was determined that the matter was not settled. The Court was again in the process of filing its decision when Respondent submitted a motion to dismiss the appeal and remand to the circuit court for a ruling on a consent motion to stay the proceedings and to transfer venue of the proceedings to Richland County, which Respondent states the parties filed in the circuit court. The consent motion contains certain terms for proceeding with the action. The Governor opposes the motion to dismiss, stating an agreement has not been reached with the Election Commission. The Election Commission has verified that it has not agreed to the consent motion and states it advised counsel for Respondent of this fact on September 9, 2025.

Respondent's assertion that this appeal is moot because the hearing was canceled; the TRO will expire under Rule 65, SCRCP, on September 12, 2025; and the parties have filed a consent motion to stay the proceedings below is without merit. The consent motion has not been agreed to or filed with the circuit court. The TRO is

---

[1] This hearing has now been canceled by the circuit court pending our decision on this appeal.

still in effect as of today.  Further, because the order granted Respondent's request for a preliminary injunction as well as a TRO, and the preliminary injunction will not expire by the terms of the order until a hearing can be held before the circuit court or pending further order of the circuit court, the preliminary injunction is still in effect.  We, therefore, proceed to consider this appeal, grant the Governor's motion to intervene, dispense with briefing, and reverse the order of the circuit court.

In July of this year, the United States Department of Justice (the DOJ) reached out to the Election Commission seeking an electronic copy of South Carolina's voter registration list in its endeavor to ensure only qualified people vote in elections.  On August 6, 2025, the DOJ formally requested from the Election Commission the statewide voter registration list; information regarding South Carolina's procedures for complying with the maintenance provisions of the National Voter Registration Act (NVRA), 52 U.S.C. §§ 20501 to 20511; a list of the election officials responsible for implementing South Carolina's general program of voter registration list maintenance from November 2022 to the date of the letter; and a description of the steps taken, including when those steps were taken, to ensure the state's list maintenance program has been carried out in full compliance with the NVRA.  This information was due by August 20, 2025.  The DOJ sent a subsequent letter to the Election Commission on August 14, 2025, clarifying that the voter registration list should contain all fields, including the registrant's full name, date of birth, residential address, and state driver's license number or the last four digits of the registrant's social security number.  The list was requested by August 21, 2025.  The Election Commission requested and received an extension to respond until September 5, 2025.

On August 29, 2025, Respondent filed the current action seeking an ex parte TRO, a preliminary injunction, and declaratory and injunctive relief to prohibit the Election Commission from giving the DOJ her voter registration information, contending the release of the data would violate her constitutional right to privacy under article 1, section 10 of the South Carolina Constitution and provisions of state law preventing state agencies from releasing the information.  Rather than promptly serving the lawsuit on the Election Commission, Respondent merely filed her complaint on August 29, 2025.  On September 2, 2025, the circuit court issued an ex parte order granting Respondent's motion for a TRO and motion for a preliminary injunction enjoining the Election Commission from distributing "South Carolina's statewide voter registration list and information" pending a hearing scheduled for September 10, 2025, or further order of the court.  Respondent then served the

Election Commission with the lawsuit and ex parte order.

Pursuant to Rule 65(b), SCRCP, a TRO granted without notice to the opposing party "shall define the injury and state why it is irreparable and why the order was granted without notice." Similarly, Rule 65(d), SCRCP, requires that every TRO "shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *See Spartanburg Buddhist Ctr. of S.C. v. Ork*, 417 S.C. 601, 609, 790 S.E.2d 430, 435 (Ct. App. 2016) (holding an order stating the plaintiff would "suffer irreparable harm if the injunction is not granted" but failing to elaborate on the injury itself or why the order was granted without notice was erroneous as it did not include the necessary information under Rule 65).

In a conclusory order that does not comply with Rule 65, SCRCP, the circuit court found "there is a likelihood that immediate and irreparable damage will result to [Respondent] if her personal information data is released in violation of her right to privacy." Because nothing in the TRO specifically defines the alleged injury to Respondent, states why the harm would be irreparable, or indicates why the order was issued without notice to the Election Commission, the order in no manner satisfies the requirements of Rule 65, SCRCP.

The TRO is clearly erroneous because it does not comply with the requirements of Rule 65, SCRCP. *See id.* at 366, 709 S.E.2d at 642 (holding the decision on whether to grant preliminary injunctive relief is within the sound discretion of the trial court and will not be overturned unless it is clearly erroneous); *see also Spartanburg Buddhist Ctr. of S.C.*, 417 S.C. at 609, 790 S.E.2d at 435 (holding a TRO that does not elaborate on the injury or why the order was granted without notice was erroneous as it did not include the information required by Rule 65). Further, this Court has held an ex parte restraining order is improper when it involves the State. *State v. Hill*, 266 S.C. 49, 52, 221 S.E.2d 398, 399 (1976); *see also State v. Best*, 257 S.C. 361, 373, 186 S.E.2d 272, 278 (1972) (holding orders granted without notice to the State were improper and may have been set aside on that ground alone).

The purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable harm during the pendency of the action to the party requesting it. *Compton v. S.C. Dep't of Corr.*, 392 S.C. 361, 366, 709 S.E.2d 639, 642 (2011). To be entitled to injunctive relief, a party must establish: (1) immediate, irreparable harm; (2) a likelihood of success on the merits; and (3) the lack of an adequate

remedy at law. *Id.*

Although the order states "immediate and irreparable damage will result to [Respondent]," the reference to a violation of Respondent's right to privacy if her personal information is released is insufficient on its own to establish what harm Respondent would suffer absent injunctive relief. Further, the order fails to even mention the likelihood of Respondent's success on the merits or whether Respondent lacks an adequate remedy at law. Therefore, the order falls far short of establishing Respondent's entitlement to injunctive relief.

Because the order does not comply with Rule 65, SCRCP; was issued without notice to the State; and fails to establish Respondent is entitled to injunctive relief, it is clearly erroneous. *See id.* at 366, 709 S.E.2d at 642 (holding the decision on whether to grant preliminary injunctive relief is within the sound discretion of the trial court and will not be overturned unless it is clearly erroneous). Therefore, we reverse the circuit court's order without prejudice to Respondent's right to request a hearing before the circuit court, after notice to the State, on her claim for a preliminary injunction. We need not address the petition for a writ of supersedeas as our opinion renders it moot.

As to the motion to quash the subpoena, absent extraordinary circumstances, top-level executive officials should not be called to testify or deposed regarding their reasons for taking official action. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1048 (E.D. Cal. 2010), *order clarified,* No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010). The time of high-ranking government officials is very valuable, and they have greater duties and time constraints than other witnesses, which "should not be interrupted by judicial demands for information that could be obtained elsewhere." *In re U.S. Dep't of Educ.*, 25 F.4th 692, 700–01 (9th Cir. 2022). This is known as the "apex doctrine." *Fla. v. United States*, 625 F.Supp. 3d 1242, 1245 (N.D. Fla. 2022). Although the cancellation of the hearing for which the subpoena was issued renders the motion to quash that subpoena moot, Respondent failed to show the Governor has unique knowledge or information about this matter that cannot be obtained elsewhere. Therefore, no subpoena for his testimony may be issued without first demonstrating to the circuit court that the attendance of the Governor is warranted under law.

We note the Election Commission has filed a motion for a change of venue pursuant to section 15-77-50 of the South Caroline Code (2025), which requires actions

affecting state agencies to be heard in the circuit in which the question, action, or controversy arose.  The motion for a change of venue shall be decided within ten days of the date of this opinion and prior to any further proceedings in this matter.

**REVERSED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, J.J., concur.**